```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
STEPHEN MITCHELL,

                         Petitioner,                    **ORDER**
                                                        15-cv-5296 (LDH) (LB)
            -against-

"JOE" WARD, *Superintendent*

                         Respondent.
-------------------------------------------------------------------x
```
LaSHANN DeARCY HALL, United States District Judge:

On June 28, 2016, United States Magistrate Judge Lois Bloom issued a Report and Recommendation (R. & R., ECF No. 49) recommending that this Court deny the petition for a writ of habeas corpus (Pet., ECF No. 1). The parties were afforded fourteen days to file objections to the Report and Recommendation. (*See* R. & R. 7.) On July 6, 2016, Petitioner filed a request for an extension until August 12, 2016, which was granted by Magistrate Judge Bloom. (ECF No. 51.) Petitioner then filed an objection on August 12, 2016. (Pet'r's Obj., ECF No. 54). When a timely objection has been made to any portion of a report and recommendation on a petition challenging the fact or duration of confinement, the District Court reviews the report and recommendation *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court has reviewed the record and the Report and Recommendation *de novo* and hereby adopts Magistrate Judge Bloom's Report and Recommendation in its entirety.

## FACTUAL BACKGROUND

The Court presumes familiarity with the underlying facts of this case, which have been outlined in Magistrate Judge Bloom's June 28, 2016 Report and Recommendation (*see* R. & R. 1-3), and are adopted herein.

In addition to the facts outlined in the Report and Recommendation, Petitioner alleges that Magistrate Judge Bloom failed to consider certain "important facts" and, as a result, that "an essential portion of the report [was] based upon a false premise." (Pet'r's Obj. ¶¶ 7, 37.) Specifically, Petitioner claims that around mid-June of 2014, he attempted to file an order to show cause motion in the Appellate Division, Second Department, to compel the Appellate Division to stay all proceedings in lower courts. (*See id.* ¶ 19.) However, a clerk in the Appellate Division allegedly refused to accept his order to show cause application because he did not have an attorney who could file the application. (*See id.* ¶ 22.)

**STANDARD OF REVIEW**

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2254 permits a federal court to entertain only those applications alleging that a person is in state custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Sections 2254(b) and (c) impose the additional requirement that the petitioner must have exhausted state remedies for his claims. Finally, for claims which were "adjudicated on the merits in State court proceedings, the federal habeas court may not grant the application unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* § 2254(d). A state court decision is "contrary to" clearly established federal law if "the state court reached a conclusion of law that directly contradicts a holding of the Supreme Court" or, "when presented with 'facts that are materially indistinguishable from a relevant Supreme Court precedent,'" the state court arrived at a different result. *Evans v. Fischer*, 712 F.3d 125, 132 (2d

Cir. 2013) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)). A state court decision is an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413.

**DISCUSSION**

Petitioner's objections to Magistrate Judge Bloom's Report and Recommendation are largely premised upon his contention that Magistrate Judge Bloom misconstrued his claims by relying on false premises or not attending to the relevant facts. (*See* Pet'r's Obj. ¶¶ 7, 37.) Against that backdrop, Petitioner alleges that: (1) the denial of his request for his petition for temporary bail to be heard by Justice Lewis was an arbitrary and unfair application of state law in violation of the Due Process Clause of the Fourteenth Amendment (*id.* ¶¶ 104, 132); (2) he was subject to 'class of one' discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment (*id.* ¶¶ 133-37); and (3) clerks of the Appellate Division, Second Department, violated his rights to access the courts by refusing to accept his order to cause motion for temporary injunctive relief on the ground that he could not afford counsel (*id.* ¶¶ 144-49).

With respect to his due process claim, Petitioner maintains that he was unfairly denied a state procedure for selecting the judicial forum in which his § 460.50 motion was to be heard. (*Id.* ¶ 104.) Magistrate Judge Bloom plainly and correctly stated, however, first, that § 460.50 does not confer a right to select the judge who will preside over a § 460.50 application, and, second, that—even if it did—such a right is not protected by the Due Process Clause of the Constitution. (*See* R. & R. 5.) *See Watson v. City of New York*, 92 F.3d 31, 37-38 (2d Cir. 1996)

3

("Ample precedent establishes that a state rule of criminal procedure . . . does not create a liberty interest that is entitled to protection under the federal Constitution.").

To be afforded due process protection, a state procedural right must implicate those rights that the Supreme Court has long considered fundamental. For example, the right to effective counsel, *see Evitts v. Lucey*, 469 U.S. 387, 403 (1985) (state appellate procedures implicated the due process right to effective counsel in criminal appeals), the right to a fair trial, *see Davis v. Strack*, 270 F.3d 111, 132 (2d Cir. 2001) (withholding the justification charge to the jury deprived appellant of the constitutional right to fair trial), and the length of confinement, *see Wolff v. McDonnell*, 418 U.S. 539, 557 (1974) (Nebraska's prison disciplinary procedure for revoking good-time credits held to be unconstitutional because the procedure directly affected the length of confinement), have all long been considered protected by the Due Process Clause. *See also Jackson v. Edwards*, 404 F.3d 612, 625 (2d Cir. 2005) (finding a denial of due process where the court noted a high probability of acquittal if the jury had received a justification charge).

Here, by contrast, the state procedural right granted by § 460.50—to apply for a stay of the execution of a judgment pending determination of an appeal and to be released or have bail set in the interim—does not involve any such fundamental liberty interest protected by the Due Process Clause. *See Garson v. Perlman*, 541 F. Supp. 2d 515, 527 (E.D.N.Y. 2008) ("Petitioners [sic] claim for bail pending appeal [under N.Y. C.P.L. § 460.50] presents neither an issue of fundamental right, as both sides agree that there is no right to post-conviction bail, nor is it relevant to his right to a fair trial."). To the extent that the state appeals court incorrectly applied a state-created procedural right, that is a question of state law inapt for federal habeas review. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) ("[E]rrors of state law are not cognizable on

federal *habeas* review"). The Court thus affirms Magistrate Judge Bloom's recommendation that Petitioner's due process claim is not cognizable under federal habeas review.

Magistrate Judge Bloom's determinations regarding Petitioner's access-to-courts and 'class of one' discrimination claims are likewise upheld. The short of Petitioner's arguments against Magistrate Judge Bloom's determinations on these points is that he faced unconstitutional procedural hurdles in exercising the state procedural right to choose the judicial forum of his choice. (*See* Pet'r's Obj. ¶ 132, 148, 161.) However, if the denial of a state procedural right not implicating any Due Process liberty interest lies outside the gambit of federal habeas review, then any alleged procedural unfairness leading to that denial is similarly ineligible for review. As noted by Magistrate Judge Bloom, 28 U.S.C. § 2254 restricts judicial review to the constitutionality of petitioner's detention, not of the adjudication of a discretionary application for temporary bail and stay of proceedings. *See Garson*, 541 F. Supp. 2d at 527 ("Only if the failure to comply with the state court statute violates a defendant's fundamental right to a fair trial or other federal constitutional rights will the claim support federal habeas relief."). Therefore, that Petitioner's § 460.50 application may have been denied due to procedural obstacles or alleged unfairness does not raise a federal constitutional claim sufficient for 28 U.S.C. § 2254.

Petitioner has not made a substantial showing of the denial of any constitutional right or violation of federal law as required by 28 U.S.C. § 2254, and, as such, his claims for habeas relief are without merit. Accordingly, the Court hereby AFFIRMS Magistrate Judge Bloom's June 28, 2016 Report and Recommendation in its entirety and orders that the petition for a writ of habeas corpus be denied.

Dated: March 31, 2017
Brooklyn, New York

SO ORDERED:

/s/ LDH
LaShann DeArcy Hall
United States District Judge